1

2

3

4

5

6

7

8                               UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   PAUL CHRISTOPHER AND CARREA            Case No.  2:23-cv-01525-JDP (PC)
     CHRISTOPHER,
12                                          ORDER FINDING DEFENDANTS'
                   Plaintiffs,              REMOVAL PROPER
13
            v.                              SCREENING ORDER FINDING THAT
14                                          THE SECOND AMENDED COMPLAINT
     STATE OF CALIFORNIA, *et al.*,         FAILS TO STATE A COGNIZABLE
15                                          CLAIM AND GIVING LEAVE TO AMEND
                   Defendants.
16                                          ECF No. 1-3 at 81

17

18

19

20

21         Plaintiffs brought this action in state court.  After they filed their second amended

22   complaint, defendants determined that removal was appropriate because that complaint raised

23   federal questions.  ECF No. 6 at 2.  As an initial matter, I agree that removal was proper; removal

24   based on federal question is proper where the federal question(s) appear on the face of the

25   complaint.  *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398-99 (1987).  The federal questions

26   are plainly stated on the face of the second amended complaint which, in its heading, indicates

27   that plaintiffs are suing for violations of the Eighth Amendment under section 1983.  ECF No. 1-3

28   at 81.  And plaintiffs' opposition to removal lacks any legal argument as to why removal is

                                             1

improper.  Instead, it vaguely asserts that removal is an unfair tactic often employed by the state of California.  ECF No. 4 at 1-2.

Having determined that removal was proper, I must screen the second amended complaint under 28 U.S.C. § 1915A(a) insofar as it appears that one of the plaintiffs is a state prisoner who is seeking relief from governmental entities and officers.

Screening Order

**I.        Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

2

of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiffs, a father and son, allege that their rights were violated when the latter, who is a state prisoner, was attacked by other inmates and denied adequate protection.  ECF No. 1-3 at 84-85.  The allegations, however, fail to meet federal pleading standards because they fail to put each defendant on notice of the claims against him or her.  The specifics of the attack are never adequately described.  And the only allegations tying the event to the named defendants are vague conclusions.  Plaintiffs allege that placing a level two inmate on a level four yard is effectively deliberate indifference, *id.* at 84, but do not expound upon or cite any law in support of this proposition.  Absent more, I cannot conclude that this act alone supports an Eighth Amendment claim against any named defendant.  Such broad, conclusory allegations are especially problematic when brought against supervisory defendants, like Governor Newsom, who have no apparent involvement in the day-to-day operations of the prison.  I will give plaintiffs leave to amend to cure these deficiencies.

Plaintiffs are advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  The amended complaint should be titled "Third Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1.  Within thirty days from the service of this order, plaintiffs may file an amended complaint.  If they do not, I will recommend this action be dismissed for failure to state a claim.

2.  The Clerk of Court shall send both plaintiffs a section 1983 complaint form with this order.  Only one copy, signed by both plaintiffs, should be returned, however.

IT IS SO ORDERED.

Dated:   ___December 4, 2023___                          _____
                                                          JEREMY D. PETERSON
                                                          UNITED STATES MAGISTRATE JUDGE

3