UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL CHRISTOPHER AND CARREA CHRISTOPHER,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF CALIFORNIA, *et al.*,<br><br>Defendants. | Case No. 2:23-cv-01525-JDP (PC)<br><br>**ORDER**<br><br>DENYING PLAINTIFFS' MOTION FOR EMERGENCY REMAND AND DIRECTING THE CLERK OF COURT TO ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>ECF No. 15<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>DENYING DEFENDANTS' MOTION TO DISMISS AS PREMATURE<br><br>ECF No. 12<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiffs, a father and son, brought this case alleging that their rights were violated when the latter, a state prisoner, was attacked by other inmates. I found that their initial complaint failed to state a cognizable claim and granted them leave to amend. ECF No. 8. Plaintiffs filed their amended complaint on February 12, 2024, ECF No. 11, and, before I screened the new complaint, defendants filed a motion to dismiss, ECF No. 12. Also pending is plaintiffs' motion for emergency remand, ECF No. 15. For the reasons stated below, plaintiff's motion for remand

1 is denied and defendants' motion to dismiss is denied without prejudice as premature. I will
2 screen the operative complaint by separate order.

### Motion for Emergency Remand

Plaintiffs argue that this case should be remanded to state court because their complaint primarily concerns violations of state law. ECF No. 15 at 2. As I explained in my previous order, removal is proper where federal questions appear on the face of the complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398-99 (1987). The first amended complaint advances federal claims for, *inter alia*, violations of the Eighth Amendment's prohibition of cruel and unusual punishment and the equal protection rights contained in the Fourteenth Amendment. ECF No. 11 at 1. Thus, plaintiffs' motion for remand is denied.

### Motion to Dismiss

As noted above, defendants filed their motion to dismiss before I screened plaintiffs' amended complaint. In their motion, defendants state that they did so in recognition of *Puckett v. Barrios*, No. 1:23-cv-00054-HBK, 2023 U.S. Dist. LEXIS 225929 (E.D. Cal., Dec. 19, 2023), a decision determining that the Prison Litigation Reform Act did not mandate screening an inmate's amended complaint in a case in which defendants had been served. *Id*. at *4-5. In this case, however, I find screening appropriate. *Hebrard v. Nofziger*, 90 F.4th 1000, 1006 (9th Cir. 2024) ("Under the PLRA, a court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted.") (internal quotation marks omitted). Accordingly, defendants' motion to dismiss is premature, and I will recommend that it be dismissed without prejudice.

Accordingly, it is ORDERED that:

1. Plaintiffs' motion for emergency remand, ECF No. 15, is DENIED.

2. The Clerk of Court shall assign a district judge to this action.

Further, it is RECOMMENDED that defendants' motion to dismiss, ECF No. 12, be DENIED without prejudice as premature.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of

1  service of these findings and recommendations, any party may file written objections with the
2  court and serve a copy on all parties.  Any such document should be captioned "Objections to
3  Magistrate Judge's Findings and Recommendations," and any response shall be served and filed
4  within fourteen days of service of the objections.  The parties are advised that failure to file
5  objections within the specified time may waive the right to appeal the District Court's order.  *See*
6  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.
7  1991).

IT IS SO ORDERED.

Dated:    July 17, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE