UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL CHRISTOPHER AND CARREA CHRISTOPHER,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF CALIFORNIA, *et al.*,<br><br>Defendants. | Case No.  2:23-cv-01525-DJC-JDP (PC)<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>THAT THIS THE FEDERAL CLAIMS IN THE AMENDED COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND AND THE STATE LAW CLAIMS BE REMANDED<br><br>ECF No. 11 |

Plaintiffs, a state prisoner and his father, bring this action alleging various violations of their federal and state rights in connection with an incident that occurred at California State Prison, Lancaster ("Lancaster") in 2020.  ECF No. 11 at 7-15.  The claims are brought against Governor Gavin Newsom, former California Department of Corrections and Rehabilitation ("CDCR") Secretary Kathleen Allison, CDCR itself, and the State of California.[1]  For the reasons stated below, none of plaintiff's federal claims are cognizable, and I find that they should be

---

[1] Various "Doe" defendants are also implicated in the caption, but none are referred to specifically in the body of the complaint.  ECF No. 11 at 1-2.

1

dismissed without leave to amend.  Absent any actionable federal claim, this court should decline to exercise supplemental jurisdiction over the remaining state law claims, and those claims should be remanded to state court.

**Screening Order**

**I.     Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff Paul Christopher, a state prison inmate, was incarcerated at Lancaster in January 2020. ECF No. 11 at 7-8. Plaintiffs allege that around January 24, 2020, unnamed prison guards at that institution placed Paul Christopher in a prisoner classification area that jeopardized his safety. *Id.* at 8-9. Plaintiffs emphasize that Paul Christopher was in a wheelchair and that unnamed officers allegedly told other inmates in the area that his crime of conviction involved "[doing something] to a child." *Id.* at 10-11. Plaintiff do not specifically allege that any physical harm actually befell Paul Christopher on that day.

Plaintiffs' initial contention is that the guards' conduct at Lancaster, for which defendants Newsom and Allison are responsible, violates federal and state criminal law. *Id.* at 20. Criminal law cannot undergird a section 1983 civil suit, however. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Neither is there any federal liability, notwithstanding plaintiffs' suggestions to the contrary, for violations of CDCR policy. *See Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) ("[S]tate departmental regulations do not establish a federal *constitutional* violation.") (emphasis in original).

Additionally, with respect to defendants CDCR and the State of California, the Eleventh Amendment bars claims for money damages like those here. *See Lund v. Cowan*, 5 F.4th 964, 969 (9th Cir. 2021) ("The Eleventh Amendment bars individuals from bringing lawsuits against a state for money damages or other retrospective relief.") (quoting *Arizona Students' Ass'n v. Arizona Bd. of Regents*, 824 F.3d 858, 864 (9th Cir. 2016)). The Eleventh Amendment also bars claims against defendants Newsom and Allison in their official capacities. *Id.* ("State officials sued in their official capacities are generally entitled to Eleventh Amendment immunity.").

And plaintiffs' federal claims against Newsom and Allison in their personal capacities also fail. There is no *respondeat superior* liability under section 1983. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Rather, a supervisory defendant is liable only for the misconduct of their subordinates if they participate in or directed them, or if they knew of the violations and failed to act to prevent them. *Id.* Here, plaintiffs vaguely allege that Governor Newsom and

1    former secretary Allison must have known of the misconduct allegedly occurring at Lancaster.
2    ECF No. 11 at 16.  Plaintiffs allege both have "been around a long time and know of the atrocities
3    of the defendants . . . ."  *Id.*  Such allegations are insufficient.  *See Sullivan v. Biter*, No. 1:15-cv-
4    243 DAD SAB, 2017 U.S. Dist. LEXIS 65165, *2-3 (E.D. Cal. Apr. 28, 2017) ("Conclusory
5    allegations that various prison officials knew or should have known about constitutional
6    violations occurring against plaintiff simply because of their general supervisory role are
7    insufficient to state a claim under 42 U.S.C. § 1983.").  In this instance, the allegations are
8    especially unlikely given the defendants' respective positions.  Governor Newsom has overall
9    responsibility for the administration and enforcement of state laws, and it is unlikely, absent some
10   specific allegation to the contrary, that he knew about or had any involvement in misconduct
11   occurring at a single state prison.  Similarly, there is no allegation that former secretary Allison
12   was, during her tenure, specifically involved in the day-to-day operations of Lancaster or that she
13   had reason to know about the incident raised here.  Finally, I note that plaintiffs' vague
14   allegations of a conspiracy among defendants and officials at Lancaster are too threadbare to
15   support the advancement of the claims.  *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir.
16   1982) ("Vague and conclusory allegations of official participation in civil rights violations are not
17   sufficient to withstand a motion to dismiss.").
18        In light of the foregoing, I find that plaintiffs have failed to adequately plead any federal
19   claim.  In so finding, I note that plaintiffs allege various wrongs that can only be attributed to
20   unnamed guards and correctional staff at Lancaster.  None of those individuals is either named as
21   a defendant to this complaint or specifically identified as a "Doe" within the allegations.
22   Accordingly, I find it unnecessary to consider whether any viable claims might exist if personnel
23   could be identified.  Absent any federal claim, I find that the court should decline to exercise
24   jurisdiction over the remaining state law claims; those claims should be remanded to state court.
25   *Decker v. Shasta Cty.*, No. 2:16-cv-1179 KJN P, 2017 U.S. Dist. LEXIS 134358, *8 (E.D. Cal.
26   Aug. 22, 2017) ("Moreover, absent federal claims, this action cannot proceed solely on the basis
27   of state law claims. Although the court may exercise supplemental jurisdiction of state law
28   claims, a plaintiff must first have a cognizable claim for relief under federal law.").

Accordingly, it is RECOMMENDED that:

1. The federal claims in amended complaint, ECF No. 11, be DISMISSED without leave to amend for failure to state a cognizable claim.

2. The court decline to exercise continued supplemental jurisdiction over the remaining state law claims.

3. This case be remanded to the Superior Court of the State of California in and for the County of Sacramento.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   September 4, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE